KEHOE, Judge.
This is a petition for writ of common law certiorari brought by the State of Florida seeking to review an order granting the respondents’ motions to quash subpoenas. We grant the petition and quash the order.
Pursuant to the power granted to the State Attorney by Section 27.04, Florida Statutes (1977), the five respondents, all law students at the University of Miami, were subpoenaed to testify before the State Attorney. The respondents were to be questioned in regard to the pending prosecution styled State of Florida v. Bernard J. Krabacker, an investigation into criminal drug activities at the University of Miami Law School, and about their personal drug use and the drug use of other students at the University. By complying with the subpoenas, respondents were to be given complete immunity from criminal prosecution pursuant to the provisions of Section 914.04, Florida Statutes (1977). In response to these subpoenas, respondents filed motions to quash the subpoenas. After a hear *367 ing on their motions, the trial court entered an order providing, among other things, for the quashing of the subpoenas. From this order dated November 3, 1978, petitioner brought the instant petition for common law writ of certiorari.
The basic contention of petitioner is that the trial court departed from the essential requirements of law by granting respondents’ motions to quash because they had no right to immunity other than from criminal prosecution.
Both petitioner and respondents agree that respondents, pursuant to the subpoenas issued to them, were entitled to immunity from criminal prosecution. However, it is respondents’ position that pursuant to Section 914.04, Florida Statutes (1977), they should also be granted disciplinary immunity from The Florida Bar in regard to any matters concerning their testimony or evidence produced pursuant to their subpoenas.
In the light of the Supreme Court of Florida’s recent decision in Ciravolo v. The Forida Bar, 361 So.2d 121 (Fla.1978), we believe that respondents’ reliance on Section 914.04 is misplaced. In Ciravolo, at 124, the Supreme Court held “. that a grant of immunity under Section 914.04 does not immunize attorneys from disciplinary proceedings instituted or imposed by or under authority of the rules of this court.” [This includes proceedings by The Florida Bar.] The effect of Ciravolo is to remove disciplinary immunity from Section 914.04 as it relates to attorneys, as opposed to other disciplines. Certainly respondents as law students and aspirants to become attorneys have no greater immunity under this Section than attorneys. All that is required by statute or otherwise is that respondents be given criminal immunity for their testimony; here, such immunity was given. However, we note that the effect of Ciravolo is not to foreclose any disciplinary immunity from respondents, but to make it available by application to and by order of the Florida Supreme Court. Ciravolo at 125.
To reiterate, when attorneys are subpoenaed to testify before a State Attorney and are granted immunity, they should recognize that the grant of immunity runs to criminal prosecution and not to disciplinary proceedings by The Florida Bar, unless such disciplinary immunity is granted by the Florida Supreme Court.
We note that because of the procedural posture of this matter before us, the record is sparse. We do not know, for example, what questions were to have been asked appellants or what their answers might have revealed. However, we also note that petitioner has at all times relevant herein offered respondents immunity from criminal prosecution for their testimony.
Because of our determination set forth above, we find it unnecessary to discuss the other contentions presented by this petition. Accordingly, the petition for common law writ of certiorari is granted and the order of the trial court quashing the subpoenas is quashed.
Granted.